IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANDRE RAHIM/HUNTER
ADC #106207                                                                                           PLAINTIFF

V.                              NO: 5:05CV00299 SWW/HDY

CYNTHIA REED *et al.*                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

An evidentiary hearing was held in this case on April 9, 2007. Following the presentation of testimony and exhibits[1] by the parties and witnesses, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### I. Facts

Plaintiff testified that he has been incarcerated at the Arkansas Department of Correction ("ADC") for approximately six years, "this trip." The events at issue in this case occurred on June 10, 2005, while Plaintiff was being held at the Varner Super Max Unit ("VSM") in administrative segregation. Plaintiff appeared in person and testified, as did Defendants Cynthia Reed, Fred Evans, Ricky McCarrell, and Lasaundra Malone, all of whom are officers at VSM, along with nonparty James Gibson, an internal affairs investigator. Also testifying on behalf of Plaintiff were inmates

---

[1] Plaintiff introduced the Arkansas Department of Correction's use of force policy as his exhibit #1 at the hearing. The actual document Plaintiff introduced has been misplaced, so it has been substituted with a copy of the policy.

2

Tyrone McGee and Roderick White.[2]

As Reed approached Plaintiff's cell when she was serving food at about 3:20 p.m., she noticed that Plaintiff was masturbating. Although Reed told Plaintiff to stop, he began ejaculating on her hand. At that point, Reed sprayed Plaintiff with a burst of pepper spray, called VSM Control Officer Malone to request assistance, washed her hands, and continued to serve meals. Reed was not authorized to remove Plaintiff from his cell by herself after the spraying. Malone notified Evans of Reed's need for assistance. However, because the unit was understaffed at the time, and he was "on post," Evans was not able to come to Plaintiff's cell for about 45 minutes. Once Evans was able to respond, he and McCarrell arrived at Plaintiff's cell. When they arrived, they placed Plaintiff into restraints, and began decontaminating the cell. Plaintiff was seen by a nurse at 5 p.m., and even though he claimed he was having difficulty breathing, Defendants' exhibit #1 indicates that there was no objective or subjective findings of injury, shortness of breath, or chest pain. Although it is not unusual for an inmate to be transported to the isolation unit for a shower after he is sprayed, VSM was shorthanded at the time of the incident, so Plaintiff was told by McCarrell to shower in his cell, and was not transported.[3] Later that night, Plaintiff claimed that he was still having breathing problems, and was seen by the nurse again. However, a medical report of a 9 p.m. evaluation, introduced as Defendants' exhibit #2, documents no problems. Although no officer was disciplined for the use of pepper spray, Reed did receive a written warning for the length of time it took after the spraying to get an officer to come to Plaintiff's cell.

---

[2]Defendant Grant Harris was not present at the hearing, and did not testify. Although Defendants had been directed to provide for his attendance at the hearing, Plaintiff was not prejudiced by Harris's absence. No evidence was introduced to suggest that Harris had anything to do with the incident in question, or had any first-hand personal knowledge of the events at issue.

[3]Unlike inmates at other units, inmates at VSM have showers in their cell, so they can shower whenever they choose. McCarrell testified that he checked the shower to ensure that it was working.

3

At the close of the evidence, Defendants' counsel moved for a judgment as a matter of law, which the undersigned took under advisement.

## II. Analysis

Plaintiff asserts that excessive force was used against him by Reed, and that his placement back into the cell after the spraying amounted to cruel and unusual punishment.

"Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the 'core judicial inquiry' is whether the force was applied in good faith to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jones v. Shields,* 207 F.3d 491, 495 (8th Cir. 2000)(citations omitted). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *Id*.

Although Plaintiff contends that he was not masturbating in the direction of Reed at the time of the incident, the Court does not find Plaintiff credible on that issue. Plaintiff was convicted of a disciplinary violation in connection with the incident (*see* Defendants' exhibit #3). Defendants' exhibit #4 documents Plaintiff's extensive history of similar infractions. Given that history, along with Reed's testimony of events, the preponderance of the evidence suggests that Plaintiff was engaged in the conduct Reed alleged, and that, after Plaintiff's refusal to stop, Reed sprayed him to restore order, rather than maliciously. Accordingly, there was no constitutional violation with respect to the initial spraying.

Plaintiff has also suggested that leaving him in a contaminated cell after the spraying amounted to cruel and unusual punishment. Evidence introduced at the hearing indicates that Plaintiff was left in his cell without being removed for cleaning and evaluation for a period of time deemed to be excessive by the ADC's chief deputy director, and that at least Reed was disciplined for the delay. However, it appears that the delay was directly connected to the staffing deficiencies

at VSM at the time. No evidence was introduced to indicate that any Defendant was responsible for staffing at VSM. Moreover, even if ADC or VSM policy was violated by the delay in Plaintiff being removed from the cell for evaluation, it does not mean that a constitutional violation occurred. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Uncontradicted evidence indicates that Plaintiff had a shower in his cell, and could have washed the chemical agent off after the incident. Inmates McGee and White testified that Plaintiff was in such physical distress that he was falling out of the cell when Evans and McCarrell initially arrived. However, their testimony's credibility is undermined by their inconsistent descriptions of the clothes Plaintiff wore as he fell out, and it also contradicted by the testimony of Evans and McCarrell, and the medical report prepared by the examining nurse. Accordingly, the testimony of McGee and White is not credible. Credible testimony offered by Evans and McCarrell indicated that they decontaminated the cell when they arrived, and that there was no reason Plaintiff could not return to the cell. Therefore, even if there was a policy violation, there was no constitutional violation when Plaintiff was left in the cell after the spraying.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. All pending motions be DENIED AS MOOT.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this ___17___ day of April, 2007.

*H. Daniel Young*

_____
UNITED STATES MAGISTRATE JUDGE